# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KIM LEO POWERS, SR.,

       Petitioner,               Civil Case No. 16-12261

                                       Criminal Case No. 12-20443

v.                                 Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

       Respondent.

_____/

## ORDER GRANTING GOVERNMENT'S
## UNOPPOSED MOTION TO STAY § 2255 LITIGATION
## PENDING SIXTH CIRCUIT'S DECISION IN *UNITED STATES V. TIBBS*

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         January 6, 2017

PRESENT:     Honorable Gerald E. Rosen
                  United States District Judge

Through a judgment entered on January 30, 2014, Petitioner Kim Leo Powers, Sr. was sentenced to a 216-month term of imprisonment following his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In Petitioner's Rule 11 plea agreement, the parties agreed that Petitioner was subject to a 15-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and that his advisory sentencing range under the U.S. Sentencing Guidelines was 188 to 235 months,

based in significant part on the application of the armed career criminal provision at § 4B1.4 of the Guidelines.

Through a motion filed on June 20, 2016, Petitioner seeks to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his prior conviction in a Michigan court for armed robbery no longer counts as a predicate offense under the ACCA in light of the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). In lieu of a response to this motion, the Government has moved to stay these § 2255 proceedings pending the Sixth Circuit's decision in *United States v. Tibbs*, No. 15-1060, a case that was argued on June 8, 2016. In support of this request for a stay, the Government explains that *Tibbs* promises to resolve the sole question raised in the present § 2255 petition: namely, whether armed robbery as defined under Michigan law still qualifies as a "violent felony" under the ACCA in the wake of the Supreme Court's ruling in *Johnson*. The Government further states that defense counsel concurs in this request for a stay.

Having reviewed the Government's motion and Petitioner's underlying § 2255 petition, as well as the remainder of the record in this case,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Government's August 3, 2016 motion to stay § 2255 litigation pending the Sixth Circuit's decision in *United States v. Tibbs* (docket #188) is GRANTED.  IT IS FURTHER ORDERED that the present § 2255 proceedings are STAYED pending a ruling in *Tibbs* or until further order of the Court.  Once the Sixth Circuit issues its decision in *Tibbs,* the Court will establish a schedule for further briefing on Petitioner's § 2255 motion.

> s/Gerald E. Rosen
> United States District Judge

Dated:  January 6, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 6, 2017, by electronic and/or ordinary mail.

> s/Julie Owens
> Case Manager, (313) 234-5135

3