UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM LEO POWERS, SR,

        Petitioner,                      Case No. 12-cr-20443
                                                      Hon. Mark A. Goldsmith

vs.

UNITED STATES OF AMERICA,

        Respondent.
_____/

**OPINION & ORDER**
**GRANTING PETITIONER'S MOTION TO VACATE SENTENCE (Dkt. 184)**

This matter is before the Court on Petitioner Kim Leo Powers' Motion to Vacate Sentence under 28 U.S.C. § 2255 (Dkt. 184). On January 29, 2014, Powers pleaded guilty to felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(e), and was sentenced to 216 months' imprisonment. 1/30/2014 Judgment (Dkt. 155). Following the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"), and Welch v. United States, 136 S. Ct. 1257 (2016), Powers filed the instant motion challenging the application of the Armed Career Criminal Act ("ACCA") to his sentence. See 28 U.S.C. § 2255(f)(3). For the following reasons, Powers' motion is granted.

**I.    BACKGROUND**

Powers pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), which generally carries a sentence of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, an individual "who violates section 922(g) . . . and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another," is subject to a minimum term of fifteen years'

1

imprisonment. 18 U.S.C. § 924(e)(1). At the time of his sentencing, Powers had three relevant prior convictions: a 1987 conviction for kidnapping in Michigan, a 1995 conviction for delivery and possession of cocaine in Florida, and a 1998 conviction for armed robbery in Michigan. Pet. Mot. at 3 (Dkt. 184).

Powers now argues that in light of the Supreme Court's decisions in Johnson v. United States, 559 U.S. 133 (2010) ("Johnson I") and Johnson II, his conviction for armed robbery is not a "violent felony" as defined by the ACCA, and he should, therefore, be resentenced.

## II. STANDARD OF REVIEW

Powers' motion is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To prevail on a section 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). Non-constitutional errors generally are outside the scope of section 2255 relief. See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal quotation marks and citation omitted).

## III. ANALYSIS

The ACCA defines a "violent felony" as any crime punishable by imprisonment for a term of more than one year that (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause), (ii) "is burglary, arson, or extortion, involves use of explosives" (the enumerated offenses clause), or (iii) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). 18 U.S.C. § 924(e)(2)(B).

In Johnson II, the Supreme Court invalidated the residual clause, finding that imposing an increased sentence under this clause violates due process. Johnson II, 135 S. Ct. at 2563. As armed robbery is not contained within the enumerated offenses clause, it must fall within the elements clause to be considered a violent felony under the ACCA.

In determining whether armed robbery falls within the elements clause, the Court must "look to the statutory definition of the state offense rather than the underlying facts of [Powers'] crimes, what courts call the categorical approach." United States v. Patterson, 853 F.3d 298, 302 (6th Cir. 2017). "If the statute requires proving that someone used, attempted, or threatened to use physical force against another, it satisfies the elements clause even if the statute does not match the elements clause word for word." Id. "[I]n the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force – that is, force capable of causing physical pain or injury to another person." Johnson I, 559 U.S. at 140.

At the time of Powers' conviction, Michigan defined armed robbery as follows:

> Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years.

3

Mich. Comp. Laws. § 750.529. The Government offers two primary arguments as to why Michigan armed robbery should be considered a violent felony under the ACCA: first, various courts, including the Sixth Circuit, have held that lesser-included offenses of Michigan armed robbery are violent felonies, leading to the inference that armed robbery, as the greater offense, must also be a violent felony; second, based on its elements, armed robbery is a violent felony. The Court will address each argument in turn.

### A. Lesser-included offenses

The Sixth Circuit has not decided whether Michigan armed robbery has as an element the use, attempted use, or threatened use of physical force against the person of another, within the meaning of Johnson I.[1] However, the Government points to Sixth Circuit decisions finding that two other crimes that it argues are lesser-included offenses of armed robbery – unarmed robbery and felonious assault – are violent felonies. From this premise, the Government argues the greater offense of armed robbery must necessarily be a violent felony.

#### 1. Unarmed robbery

In Michigan, "unarmed robbery is a necessarily included lesser offense of armed robbery." People v. Allen, 265 N.W.2d 47, 49 (Mich. Ct. App. 1978). That is, "[i]f there is evidence to allow the case to go to the jury on the higher armed robbery offense, there must necessarily be evidence adduced at trial to support a charge of unarmed robbery." People v. Chamblis, 236 N.W.2d 473, 481 (Mich. 1975), overruled on other grounds by People v. Cornell, 646 N.W.2d 127 (Mich. 2002). Thus, if unarmed robbery has as an element "the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), so must armed robbery. Because

---

[1] The parties believed that the Sixth Circuit would decide this issue in United States v. Tibbs, 685 F. App'x 456 (6th Cir. 2017), and the Court entered a stay in 2017 pending the Sixth Circuit's decision. See 1/6/2017 Order (Dkt. 191). The issue ultimately was not decided in Tibbs.

"physical force" under the ACCA means force capable of causing physical pain or injury, the question becomes whether Michigan unarmed robbery contains such an element.

No Michigan case has had to define – as part of the precise question at issue – whether unarmed robbery requires the use or threat of physical pain or injury. There have been Michigan cases that have discussed the elements of unarmed robbery, but only in the course of addressing other issues, and none turned on whether the force was capable of inflicting physical injury or pain. For example, in People v. Randolph, 648 N.W.2d 164, 166 (Mich. 2002), the defendant stole items from a store and only used force afterwards in the parking lot by scuffling with a security guard, thus requiring the Michigan Supreme Court to address whether robbery could be made out if the act of force or violence took place after the larceny had already been completed. In reaching its conclusion that the act of force must be contemporaneous with the taking, the court made pronouncements about Michigan's unarmed robbery statute, which could be construed as supporting or countering a requirement of actual or threatened physical injury – but none was necessary to the holding of the case. From these dicta and dicta in other Michigan cases, courts addressing a "crime of violence" question under the ACCA or the Sentencing Guidelines have attempted to divine whether Michigan unarmed robbery has, as one of its required elements, the use or threat of force to inflict physical injury or pain. None of these decisions makes an exceptionally strong showing either way.

For example, in United States v. Matthews, 689 F. App'x 840, 845 (6th Cir. 2017), cert. denied, 138 S. Ct. 1438 (2018), the court analyzed the unarmed robbery statute in effect at the time Powers was convicted of armed robbery, which provided, in relevant part, that "[a]ny person who shall, by force and violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another . . . any money or other property . . . shall be guilty of a felony . . . ." Mich.

Comp. Laws § 750.530. Matthews argued that because one could commit unarmed robbery by putting another person in fear, the statute does not require the use, attempted use, or threatened use of force against another. After reviewing authority from Michigan, the court disagreed, and concluded that "a threat of injury is necessary to put someone in fear." Matthews, 689 F. App'x at 845.

Two other circuits have reached the same conclusion regarding unarmed robbery under Michigan law. See United States v. Lamb, 638 F. App'x 575, 577 (8th Cir. 2016), vacated on other grounds by 137 S. Ct. 494 (2016), relevant portion of opinion reinstated, 847 F.3d 928, 930 (8th Cir. 2017) ("The term, 'assault or putting in fear,' . . . is clearly limited to conduct that accomplishes a forceful taking (or attempted taking) by using violence or the threat of violence to put the victim in fear of 'immediate personal injury.'")); United States v. Tirrell, 120 F.3d 670, 680 (7th Cir. 1997) ("[T]he element of putting in fear means threatening the use of physical force against the person of another."). However, other district courts – both before and after Matthews – have found that unarmed robbery is not a violent felony. See United States v. Harris, 323 F. Supp. 3d 944 (E.D. Mich. 2018) (unarmed robbery not a crime of violence); United States v. Lamb, No. 16-20077, 2017 WL 730426, at *4 (E.D. Mich. Feb. 24, 2017) (same); United States v. Ervin, 198 F. Supp. 3d 1169 (D. Mont. 2016) (same).

None of these courts examining unarmed robbery rely on definitive statements from Michigan courts in reaching their conclusions. The Matthews court relies largely on two cases: People v. Randolph, 648 N.W.2d 164 (Mich. 2002), and People v. Kruper, 64 N.W.2d 629 (Mich. 1954). As stated above, Randolph concerned the applicability of the transactional approach to robbery, not the degree of force necessary for an unarmed robbery conviction. The majority in Matthews found support for its position in Randolph's reliance on common law and the quotation

6

of language from Blackstone and other commentators. The majority pointed out that Randolph, in a footnote, quoted Rapalje, Larceny & Kindred Offenses § 445 (1892), which stated that "[f]eloniously taking the property of another in his presence and against his will, by putting him in fear of immediate personal injury, is robbery at common law." But this was hardly necessary to the holding in Randolph.

Further, Judge Merritt, who dissented in Matthews, argued that the unarmed robbery requirement of "putting in fear" of injury does not necessarily mean that the victim is put in fear of physical injury, since at English common law, "a victim was held to have been 'put in fear' when the defendant made certain threats against his property or his character." Matthews, 689 F. App'x at 848 (Merritt, J., dissenting). As Randolph relied on common law, "Randolph stands for exactly the opposite of the majority's conclusion." Id. Thus, Judge Merritt concluded, "the unarmed robbery statute can be violated without 'the use, attempted use, or threatened use of physical force against the person of another.'" Id. Given the mixed common law history on whether "putting in fear" referred only to physical injury, Randolph does not provide persuasive support for the majority's conclusion in Matthews that that term under Michigan law refers exclusively to physical injury.

The court in Matthews also relied on People v. Kruper, 64 N.W.2d 629 (Mich. 1954), where the Michigan Supreme Court stated that

> [w]henever the elements of force or putting in fear enter into the taking, and that is the cause which induces the party to part with his property, such taking is robbery. This is true regardless of how slight the act of force or the cause creating fear may be, provided, in the light of the circumstances, the party robbed has a reasonable belief that he may suffer injury unless he complies with the demand.

64 N.W.2d at 632. The court in Matthews found that this complied with Johnson I, and supported its conclusion that "a threat of injury is necessary to put someone in fear." Matthews, 689 F. App'x

7

at 845. But the Michigan Supreme Court in Kruper was not clear that this "injury" means injury to the person, rather than property. Indeed, the court compared unarmed robbery and extortion, noting that the "threat to do 'injury to the person or property,' or to the class enumerated in the extortion statute, when accompanied by force, actual or constructive, and property or money is given up in consequence of that force, these elements can constitute robbery." Kruper, 64 N.W. 2d at 632 (quoting Mich. Comp. Laws §750.213 (extortion)). Thus, as Judge Merritt noted in his dissent, "the Michigan Supreme Court has never clearly limited 'putting in fear' to cases involving conduct intended to put the victim in fear of immediate physical injury, as required by the Act." Matthews, 689 F. App'x at 847 (Merritt, J., dissenting).

The various district courts that have analyzed the unarmed robbery statute in depth – concluding that Michigan unarmed robbery was not a crime of violence – also looked to Michigan court cases that did not definitively state a view on the kind or degree of force required for unarmed robbery. Harris, Lamb, and Ervin all cited People v. Hicks, 675 N.W.2d 599, 608 (Mich. Ct. App. 2003), where the Michigan Court of Appeals disagreed with the defendant's contention that he did not take the victim's purse by force and violence, or by assault or putting in fear, because the victim and the defendant "struggled over the purse," and the struggle aggravated the victim's tendonitis. But the appellate court made no pronouncements about whether the element would have been satisfied without aggravation of the victim's tendonitis – i.e. without injury or pain.

Lamb and Ervin also cited People v. Chandler, 506 N.W.2d 882 (Mich. App. Ct. 1993), an opinion containing dicta helpful to Powers, but not necessary to the holding of the case. In discussing the crimes of assault with intent to rob while unarmed and attempted unarmed robbery, the opinion includes a statement that the words "force and violence" includes physical force that does not involve physical injury or pain. Id. at 884 ("[T]he words 'force and violence' mean any

8

use of physical force against another person so as to harm <u>or embarrass him</u>.") (emphasis added). But that statement was not necessary for the court's holding, which was (i) that the crime of attempted unarmed robbery was established by way of a threat the defendant made to the victim that he would "blow [his] head off," and (ii) that the crime of assault with intent to rob while unarmed was not made out where the defendant had no present ability to accomplish the assault."[2]

Accordingly, there is no definitive Michigan authority for this Court to rely on so as to conclude that the unarmed robbery statute has "as an element the use, attempted use, or threatened use of physical force against the person of another." With the legal landscape this opaque, what is the consequence?

"The burden is on the government to demonstrate unequivocally that predicate crimes fit squarely within the purview of the remaining clauses of the Armed Career Criminal Act." <u>United States v. King</u>, Nos. 06-170, 16-696, 2016 WL 11318216, at *2 (N.D. Ohio Oct. 14, 2016) (evaluating ACCA challenge on a section 2255 motion); <u>see also</u> <u>Hardman v. United States</u>, 191 F. Supp. 3d 989, 993 (W.D. Mo. 2016) ("[Petitioner] bears the burden in this proceeding, true, but his burden is to prove his § 2255 claim: that his sentence is illegal because his burglary conviction could not have qualified as the necessary third ACCA conviction. . . . Therefore, [petitioner's] burden is to show that the Government has not proved by a preponderance of the evidence that he had [sic] was found guilty of generic burglary."). As the Government has failed to show that

---

[2] The courts in <u>Lamb</u> and <u>Harris</u> both analyzed the post-2004 version of the unarmed robbery statute, and therefore analyzed Michigan cases that discussed the amended statute. Notably, the statute was amended in 2004 to provide that "[a] person who . . . uses force <u>or</u> violence against any person who is present, or who assaults or puts the person in fear, is guilty of a felony . . . ." Mich. Comp. Laws § 750.530(1) (emphasis added). The change from "and" to "or" makes the requirement of force in the amended statute less demanding. See <u>Harris</u>, 323 F. Supp. 3d at 949 (describing the pre-2004 statute as "the earlier, more demanding version of the unarmed robbery statute"). Thus, this Court will not rely on cases, such as <u>People v. Passage</u>, 743 N.W.2d 746 (Mich. Ct. App. 2007), interpreting the post-2004 version of the unarmed robbery statute.

9

unarmed robbery is a violent felony, the Court will not conclude that armed robbery is a violent felony on this basis.

   2. **Felonious Assault**

The Government makes a similar argument that armed robbery should be considered a violent felony on the theory that felonious assault is a lesser-included offense and qualifies as a violent felony. It points out that in United States v. Harris, 853 F.3d 318 (6th Cir. 2017), the Sixth Circuit found that Michigan felonious assault involves the "use, attempted use, or threatened use of physical force," such that it is a crime of violence.[3] The court reasoned that there was "no possibility, much less a realistic probability, of Michigan convicting someone of felonious assault who had not used, attempted, or threatened 'force capable of causing physical pain or injury to another person.'" Id. at 322 (quoting Johnson I, 559 U.S. at 140). The Government also contends that felonious assault is a lesser-included offense of armed robbery, relying on People v. Yarbrough, 309 N.W.2d 602, 604 (Mich. Ct. App. 1981).

The court in Harris stated that any "person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of" felonious assault. 853 F.3d at 320 (quoting Mich. Comp. Laws § 750.82). Thus, the elements are "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." Id. at 320-321 (quoting People v. Jackson, 790 N.W.2d 340, 343 n.2 (Mich. 2010)). Felonious assault thus requires an assault <u>with</u> a dangerous weapon; armed robbery merely requires that the offender "be[] armed with a dangerous weapon, or any

---

[3] Although the court in Harris examined whether Michigan felonious assault was a crime of violence under the Sentencing Guidelines, the elements clause of the Guidelines "mirrors the elements clause in the Armed Career Criminal Act, and we typically interpret them the same way." Harris, 853 F.3d at 320.

article used or fashioned in a manner to lead the person so assaulted to believe it to be a dangerous weapon." Mich. Comp. Laws § 750.529.

A lesser-included offense is "[a] crime that is composed of some, but not all, of the elements of a more serious crime and that is necessarily committed in carrying out the greater crime." Offense, Black's Law Dictionary (10th ed. 2014). Because armed robbery could be committed without assaulting someone with a weapon, felonious assault is not a lesser-included offense of armed robbery; rather, they are cognate offenses. See People v. Bearss, 625 N.W.2d 10, 13 (Mich. 2001) ("A cognate offense has some elements in common with the charged offense. It also has elements not found in the charged offense.").

The statement in Yarbrough about felonious assault being a lesser-included offense of armed robbery is not to the contrary. See Yarbrough, 309 N.W.2d at 604 ("Thus, in an armed robbery, a felonious assault utilized to accomplish the larceny factually is included within the greater charge."). The issue in that case was whether the assaultive behavior allegedly constituting the felonious assault (pointing a gun at the victim) was distinct from the assaultive behavior designed to effectuate the robbery (beating the victim with the gun), thereby avoiding any Double Jeopardy concern. Because the court found that the assaultive behavior was not separable – as all of it was designed to effectuate the robbery – the Double Jeopardy Clause allowed conviction for only one offense. However, in reaching that conclusion, the court was focused only on the specific conduct at issue. See id. at 603 ("The first issue is whether, on the facts of this case, defendant's convictions of both armed robbery and felonious assault are in violation of the Double Jeopardy Clause.") (emphasis added). Thus, any pronouncement on lesser-included offenses was not made for purposes of addressing the very different context of our case – whether armed robbery could have been committed at the time of Powers' 1998 conviction in a way that did not require "violent

11

force." Accordingly, the Court cannot conclude that armed robbery is a violent felony based only on the nature of felonious assault.

**B. Armed Robbery**

The Court now turns to the parties' arguments regarding whether Michigan armed robbery – the crime for which Powers was actually convicted – is a violent felony under the ACCA.[4] The elements of armed robbery in Michigan are "(1) an assault, (2) a felonious taking of property from the victim's presence of person, (3) while the defendant is armed with a weapon as described in the statute." People v. Carines, 597 N.W.2d 130, 135 (Mich. 1999).

Taking the third element first, Powers contends that armed robbery does not require the use of a dangerous weapon, and therefore it does not necessarily require force within the meaning of Johnson I. Pet. Mot. at 5. He points to People v. Hayden, 348 N.W.2d 672, 683 (Mich. Ct. App. 1984) (violation of the Michigan armed robbery statute can be proved by "proof beyond a reasonable doubt that a dangerous weapon was possessed, whether or not the weapon was actually seen by the victim"), and United States v. Parnell, 818 F.3d 974, 980 (9th Cir. 2016) (finding that Massachusetts armed robbery is not a violent felony under the ACCA because "the mere fact an individual is armed, however, does not mean he or she has used the weapon, or threatened to use it, in any way"). Pet. Reply at 3-4 (Dkt. 220).

The Government points to several cases from the Michigan courts stating that armed robbery does in fact require the use of a weapon, despite the statutory language stating otherwise.

---

[4] Based on Matthews' pronouncements on Michigan's unarmed robbery statute, several courts in this district have analyzed Michigan's armed robbery statute and found that it qualified as a violent felony. See Sheldon v. U.S., No. 10-20171, 2018 WL 1243738, at *3 (E.D. Mich. Mar. 9, 2018) (collecting cases); U.S. v. Spicer, No. 15-20162, 2017 WL 3328147, at *3 (E.D. Mich. Aug. 4, 2017) ("Because a conviction for armed robbery inherently requires that the elements of robbery be satisfied, the Sixth Circuit's reasoning in Matthews applies."). However, as explained above, this Court does not find Matthews convincing.

12

In People v. Reese, 647 N.W.2d 498, 501 (Mich. 2002), the Michigan Supreme Court commented that "[t]he element distinguishing unarmed robbery from the offense of armed robbery is the use of a weapon or an article used as [a] weapon." In People v. Garrett, 411 N.W.2d 812, 813 (Mich. Ct. App. 1987), the court described unarmed robbery as "armed robbery absent the element of use of a weapon." And in People v. Saenz, 307 N.W.2d 675, 675 (Mich. 1981), the Michigan Supreme Court reversed the defendant's armed robbery conviction after finding "insufficient evidence that any article was used or fashioned so as to lead the victim to believe that it was a weapon."

However, these comments by the Michigan courts are merely dicta, as none of these cases turned on the issue of whether the offender used, rather than simply possessed, a weapon. In Reese, the Michigan Supreme Court determined that the trial court did not err in refusing to give an unarmed robbery instruction at trial, because it was undisputed that the perpetrator was armed. 647 N.W.2d at 499. The court stated that the element distinguishing armed and unarmed robbery is "the use of a weapon or an article used as [a] weapon," and "[i]n the present case, there is no real dispute concerning whether the defendant was armed." Id. at 501-502. Similarly, the court of appeals in Garrett made its comment regarding the use of a weapon in the context of a discussion on whether a trial court should have instructed the jury on the lesser-included offense of unarmed robbery. 411 N.W.2d at 812-813.

Saenz addressed the question of whether the jury was presented with sufficient evidence to convict the defendant of armed robbery, where the only evidence of the defendant having been armed with a weapon was testimony from a victim who believed that the defendant was armed. 307 N.W.2d 675. The Supreme Court held that the victim's testimony – that he thought the defendant had a weapon, but he saw no article resembling a weapon – could not be the basis for

an armed robbery conviction. Id. at 677. The court did not discuss the difference between possessing and using a weapon.[5]

This Court finds the analysis in United States v. Willis, No. 13-20303, 2017 WL 3457159 (E.D. Mich. Aug. 11, 2017) (recons. on other grounds, 2017 WL 3531093 (E.D. Mich. Aug. 17, 2017)), helpful. There, the court relied on Hayden and Parnell to conclude that the armed robbery statute does not require the use of a weapon, and was, therefore, not a violent felony. The court reasoned that it must look to the least objectionable conduct that would violate the statute, and "a defendant could have been found guilty under Michigan's armed robbery statute . . . by physical contact not in itself capable of causing pain or injury and the mere possession of a dangerous weapon not seen by the victim[.]" Id. at *3 (quotations omitted).

The Sixth Circuit, in Patterson v. United States, concluded that Ohio aggravated robbery, which required that a person "[h]ave a deadly weapon . . . and either display the weapon, brandish

---

[5] The Government also cites People v. Jolly, 502 N.W.2d 177, 178 (Mich. 1993), and People v. Banks, 563 N.W.2d 200, 202 (Mich. 1997). The court in Jolly similarly discussed whether the prosecution had satisfied the "second method of establishing armed robbery, specifically, whether defendant used or fashioned an article to resemble a dangerous weapon." Id. at 180. The court noted that there was no evidence that the defendant actually possessed a dangerous weapon during the robbery. Id. It commented that the "operative language" was whether the defendant was armed with "any article used or fashioned in a manner to lead the person so assaulted to believe it to be a dangerous weapon," quoting Mich. Comp. Laws § 750.529. In this context – that is, focusing on the second method of establishing armed robbery – "there must be some objective evidence of the existence of a weapon or article before a jury will be permitted to assess the merits of an armed robbery charge." Id. at 181. Jolly does not discuss whether someone who actually possesses a weapon (rather than an article that someone believes to be a weapon) must use the weapon to be convicted of armed robbery.

In Banks, the Michigan Supreme Court stated that the evidence in Jolly – a threat from a female robber that the male robber would shoot the victim, and the victim's observation of a bulge under the male robber's vest – "constitutes that absolute minimum level of evidence sufficient to support an armed robbery conviction." 563 N.W.2d at 202. But again, the court merely reiterates that "a subjective belief that a weapon exists is insufficient to satisfy the armed robbery statute." Id. at 201. It does not say whether an individual who is armed can be convicted of armed robbery when the weapon is not used.

14

it, indicate that the offender possesses it, or use it," was a violent felony. 853 F.3d 298, 302 (6th Cir. 2017) (quoting Ohio Rev. Code § 2911.01). The Sixth Circuit relied on the Supreme Court of Ohio's interpretation of the aggravated robbery statute, as the Ohio Supreme Court had found that "the very act of displaying, brandishing, indicating possession, or using the weapon . . . constitutes the threat to inflict harm because it intimidates the victim into complying." Id. at 302-303 (quoting State v. Evans, 911 N.E.2d 889, 894 (Ohio 2009)). The Sixth Circuit reasoned that the Ohio Supreme Court, "the authoritative interpreter of Ohio law, reads the aggravated robbery statute to contain" a requirement of the use or threat of force. Id. at 303.

But here, as explained above, the Government points to no such pronouncement from the Michigan Supreme Court. Instead, the Michigan Court of Appeals, in Hayden, explained that violation of the armed robbery statute may be proved by showing

> beyond a reasonable doubt that a dangerous weapon was possessed, whether or not the weapon was actually seen by the victim. This alternative represents an eminently reasonable legislative determination that the mere possession of a dangerous weapon escalates the risk of violence and the degree of danger to the victim, even if the weapon is not seen by the victim. If the weapon is possessed by the defendant, the possibility that it will be used exists and this is a sufficient basis to define the offense as an armed robbery.

Hayden, 348 N.W.2d at 683. The Michigan Court of Appeals relied on Hayden's reasoning as recently as 2014, where it interpreted Michigan's home invasion statute in People v. Young, No. 316129, 2014 WL 5690490 (Mich. Ct. App. Nov. 4, 2014). There, the court of appeals explained that the requirement in the home invasion statute that a defendant be "armed" with a dangerous weapon does not "require[e] something more than mere possession," as "[t]he same logic [as used in Hayden] applies to home invasion. The risk of danger to victims and perpetrators greatly increases when the perpetrator possesses a dangerous weapon at any time during the home invasion." Id. at *3. But as the Ninth Circuit explained in Parnell, "[t]here is a material difference

15

between the presence of a weapon, which produces a risk of violent force, and the actual or threatened use of such force. Only the latter falls within ACCA's force clause." 818 F.3d at 980 (emphasis in original). Accordingly, this Court finds that the third element of armed robbery does not require force or threatened force capable of causing physical pain or injury to another person.

As regards the "assault" element of armed robbery, Powers argues that level of force necessary to qualify as armed robbery is a simple assault, which is not sufficient force under Johnson I. Pet. Mot. at 4-5. A simple criminal assault under Michigan law requires "either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." People v. Gardner, 265 N.W.2d 1, 7 (Mich. 1978). A battery is "an intentional, unconsented, and harmful or offensive touching." People v. Starks, 701 N.W.2d 136, 140 (Mich. 2005). Michigan courts have expressly held that physical injury is not required for a battery. See, e.g., People v. Terry, 553 N.W.2d 23, 25 (Mich. Ct. App. 1996) (spitting on prison official qualifies as a battery, given that "the lack of physical injury was irrelevant"); see also People v. Boyd, 300 N.W.2d 760, 762 (Mich. Ct. App. 1980) (upholding conviction for throwing urine at prison guard under statute making assault of prison guard a felony if assault accomplished through "violence," defined to include physical force against another person "so as to harm or embarrass him").

The Government responds that assault, in the context of armed robbery, means felonious assault. It contends that assault is "shorthand for the range of conduct encompassed in the 'force or violence' or 'putting in fear' required for unarmed robbery," citing People v. Scruggs, 662 N.W.2d 849, 852 (Mich. Ct. App. 2003). Gov't Sur-Reply at 10 (Dkt. 234). The Scruggs court explained that "[a]lthough the unarmed-robbery statute uses more terms to define the force used to accomplish the taking, these terms essentially equate with the term 'assault' as used in the armed

robbery statute[.]" Id. However, this does not help the Government; as explained previously, this Court is unconvinced that the various terms used to define force in the unarmed robbery context constitute force within the meaning of Johnson I.

The Government also points to the Sixth Circuit's analysis in Harris, where the defendant was convicted of felonious assault and argued that someone could commit a Michigan battery (which is included in the element of assault) with offensive touching. The defendant argued that this was not sufficient force under Johnson I. Harris, 853 F.3d at 321. The Sixth Circuit rejected his argument, saying that it

> asks us to look at just one element, the assault, to determine whether the offense includes sufficient force. The categorical approach doesn't require that each element of an offense involve use of force; it requires that the offense overall include use of violent force. Michigan felonious assault involves violent force because it proscribes not common law assault but common law assault with a dangerous weapon. And "if a statute ha[s] as an element some degree of, or the threat of, physical force in the more general sense, then the use of a deadly weapon may transform this more general force into the necessary 'violent force' to constitute a crime of violence within the meaning of Johnson." Rafidi, 829 F.3d at 446 (quotations omitted). That's just what we have here.

Harris, 853 F.3d at 321-322. However, as discussed previously, felonious assault explicitly requires assault with a dangerous weapon. Armed robbery does not, and therefore only proscribes a simple assault while a defendant is armed. There is no requirement that the defendant use the weapon in connection with the assault to be convicted of armed robbery, as there is for felonious assault.

The Government contends that the "focus on the minimum conduct criminalized by the state statute is not an invitation to apply 'legal imagination' to the state offense; there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside" the ACCA. Patterson, 853 F.3d at 302 (quoting Moncrieffe v. Holder, 569 U.S.

17

184, 191 (2013)). But at the same time, the Court must look at the "least objectionable conduct that would violate the statute" without regard to the underlying facts of the case. United States v. Amos, 501 F.3d 524, 528 (6th Cir. 2007). And here, physical contact not in itself capable of causing physical pain or injury coupled with mere possession of a dangerous weapon – which the Michigan Court of Appeals has explained the victim need not even see, Hayden, 348 N.W.2d at 683 – would violate the version of the Michigan armed robbery statute in effect at the time Powers was convicted. The statute, therefore, does not have "as an element the use, attempted use, or threatened use" of "violent force" under Johnson I.

For these reasons, the Court concludes that Michigan armed robbery is not a violent felony within the meaning of the ACCA. Accordingly, Powers does not have three convictions for violent felonies, and is not subject to the enhanced sentencing requirements of the ACCA. He will, therefore, be resentenced.

## IV. CONCLUSION

For the foregoing reasons, Powers' motion to vacate his sentence under 28 U.S.C. § 2255 is granted, and he will be resentenced.

SO ORDERED.

Dated: December 13, 2018       s/Mark A. Goldsmith
     Detroit, Michigan      MARK A. GOLDSMITH
     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 13, 2018.

     s/Karri Sandusky
     Case Manager