UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM LEO POWERS, SR,

       Petitioner,                                   Case No. 12-cr-20443
                                                         Hon. Mark A. Goldsmith

vs.

UNITED STATES OF AMERICA,

       Respondent.
_____/

**OPINION & ORDER
VACATING THIS COURT'S DECEMBER 13, 2018 OPINION AND ORDER (Dkt. 248)
AND DENYING PETITIONER'S MOTION TO VACATE SENTENCE (Dkt. 184)**

On December 13, 2018, this Court issued an opinion and order granting Petitioner Kim Leo Powers' motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Powers v. United States, No. 12-cr-20443, 2018 WL 6571223 (E.D. Mich. Dec. 13, 2018). The Court concluded that Powers was entitled to relief because his prior conviction for Michigan armed robbery, Michigan Compiled Laws § 750.529, was not a violent felony within the meaning of the Armed Career Criminal Act ("ACCA"). Id. at *10.

The Court reached this conclusion, in part, due to its finding that the Government had failed to show that Michigan unarmed robbery was a violent felony. Id. at *5. The Court recognized that "unarmed robbery is a necessarily included lesser offense of armed robbery," and thus if unarmed robbery was a violent felony under the ACCA, armed robbery must be as well. Id. at *3 (quoting People v. Allen, 265 N.W.2d 47, 49 (Mich. Ct. App. 1978)). However, the Court found that there was "no definitive Michigan authority for this Court to rely on so as to conclude that the unarmed robbery statute has 'as an element the use, attempted use, or threatened use of physical

1

force against the person of another[,]'" such that it was a violent felony. Id. at *5. With such an "opaque" legal landscape, the Court found that the Government had failed to show that unarmed robbery was a violent felony, and therefore declined to conclude that armed robbery was a violent felony on that basis. Id.

Months after the Court issued its opinion, the Sixth Circuit released its decision in Chaney v. United States, 917 F.3d 895 (6th Cir. 2019). In Chaney, the Sixth Circuit held that Michigan unarmed robbery was "categorically a violent felony under the ACCA's elements clause." Id. at 900. The court noted that the Michigan unarmed robbery statute punishes "theft committed 'by force and violence, or by assault, or putting in fear,'" and found that "[e]ach of these alternatives meets the requirements of the [ACCA's] elements clause[.]" Id. (quoting Mich. Comp. Laws § 750.530). The Sixth Circuit rejected the defendant's argument that "force and violence" did not require the kind of "physical force" needed to satisfy the ACCA, finding that "it takes far too active an imagination to dream up a scenario in which a person could steal someone's property by touching the victim in a harmless and non-threatening but embarrassing way." Id. at 901.

The Court ordered the parties to address whether it should reconsider its decision in Powers in light of Chaney (Dkt. 256). The Government argues that the Court's reasoning in Powers is "now foreclosed by binding precedent." Gov't Supp. Br. at 2 (Dkt. 257). Powers stated that he took no position with respect to the Court reconsidering its prior order. Pet. Supp. Br. at 1 (Dkt. 258).

Given the Sixth Circuit's holding in a published opinion that Michigan unarmed robbery is a violent felony under the ACCA, this Court must conclude that armed robbery is a violent felony, as well. "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances

2

such where the initial decision was clearly erroneous and would work a manifest injustice." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). In light of Chaney, this Court's prior decision cannot remain operative.

Accordingly, this Court now holds that Powers' 1998 conviction for Michigan armed robbery is a violent felony under the ACCA. Powers, therefore, has three prior convictions for violent felonies, and is not entitled to relief pursuant to 28 U.S.C. § 2255. The Court vacates its December 13, 2018 opinion and order (Dkt. 248) and denies Powers' motion to vacate his sentence (Dkt. 184).

SO ORDERED.

Dated: April 5, 2019  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 5, 2019.

s/Karri Sandusky  
Case Manager