UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                Case No. 12-20443
                                                Hon. Mark A. Goldsmith

vs.

KIM LEO POWERS, SR.,

       Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT KIM LEO POWERS'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 284)

Defendant Kim Leo Powers, Sr. pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). See Judgment (Dkt. 155). Judge Gerald Rosen sentenced Powers to 216 months' imprisonment on January 30, 2014. Id. Powers, age 61, began serving his custodial sentence at FPC Duluth on February 27, 2014. His projected release date is September 12, 2027.

On April 22, 2020, Powers filed his first motion for compassionate release (Dkt. 264). Because Powers failed to exhaust his administrative remedies, the Court denied this motion without prejudice (Dkt. 270). On July 27, 2020, Powers, having satisfied the exhaustion requirement, filed a renewed motion for compassionate release, arguing that his age, body mass index ("BMI"), and prediabetes render him higher risk for contracting COVID-19 (Dkt. 277). The Court denied this motion after a complete review of the motion on the merits (Dkt. 280). On November 7, 2020, Powers filed the instant motion for compassionate release, in which Powers

alleges for the first time that he has hypertension and fecal occult blood. For the reasons that follow, the Court denies Powers's motion.

## I. LEGAL STANDARD

The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Ruffin, 978 F.3d 1000, 1003-1004 (6th Cir. 2020). Before granting a compassionate-release motion, a district court must engage in a three-step inquiry: (i) the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," (ii) it must ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (iii) it must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). If all of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C. § 3582(c)(1)(A).

Regarding the first step of the inquiry, the Sixth Circuit recently held that, with respect to motions for compassionate release filed by imprisoned individuals, "extraordinary and compelling" reasons are not limited to those set forth in U.S.S.G. § 1B1.13. Jones, 980 F.3d at 1109. It further held that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Id.

Although courts are not required to consider § 1B1.13 in ruling on compassionate release motions brought directly by inmates, United States v. Elias, —F.3d—, No. 20-3654, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021), § 1B1.13 still provides a useful working definition of

"extraordinary and compelling reasons," and thus may be consulted to "guide discretion without being conclusive," United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (citing Gall v. United States, 552 U.S. 38, 49-50 (2007); Kimbrough v. United States, 552 U.S. 85 (2007)).

In the commentary to § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with," the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D). "Beyond the extraordinary-and-compelling-reasons requirement, this policy statement also requires a district court to find that 'the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'" Ruffin, 2020 WL 6268582, at *4 (quoting U.S.S.G. 1B1.13(2)-(3)).

## II.     ANALYSIS

Powers argues that his age as well as his underlying health conditions—which include his BMI, prediabetes condition, hypertension, and fecal occult blood—render him particularly vulnerable to contracting COVID-19.

With respect to motions for compassionate release premised on a defendant's fear of contracting COVID-19, the Sixth Circuit has held that "generalized fears of contracting COVID-19, without more, do not constitute a compelling reason" to grant compassionate release. United States v. Ramadan, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020). Rather, a

3

defendant must point to specific conditions that create a higher risk that the defendant will contract the virus. To determine whether a defendant's specific conditions render him particularly vulnerable to contracting COVID-19, courts generally consult the guidance on high-risk factors published by the Centers for Disease Prevention and Control ("CDC").[1]

According to the CDC, "older adults" face a greater risk of severe illness from the virus.[2] "Older adults" are defined as adults aged 65 and older. Powers, age 61, does not meet this criterion. Further, none of Powers's specific health conditions are identified as high-risk factors by the CDC.[3] Although severe obesity, which is defined as a BMI over 40, is listed as a high-risk factor, Powers's medical records reflect that his BMI is roughly 37. Likewise, although the CDC has identified type 2 diabetes as a high-risk factor, Powers only represents that he has prediabetes. Next, the CDC has not identified hypertension as factor that definitively increases an individual's risk of contracting the virus; rather, the CDC lists this condition as a factor that "may" increase an individual's risk. In any event, Powers's medical records do not actually reflect a hypertension diagnosis. To the contrary, his medical records provide that, as recently as December 2019, Powers had no history of hypertension. BOP Medical Records (Dkt. 289-2). Finally, the CDC has not identified a positive fecal occult blood test as a high-risk factor. In any event, Powers's medical records indicate that his most recent fecal occult blood test, administered in June 2019, was negative. Id. For these reasons, Powers has not shown "extraordinary and compelling" circumstances warranting compassionate release.

---

[1] People at Increased Risk for Severe Illness (CDC): https://perma.cc/F55H-7DHA.

[2] Older Adults (CDC): https://perma.cc/KRK7-FF4Y.

[3] People with Certain Medical Conditions (CDC): https://perma.cc/U554-5TAN.

Moreover, the § 3553(a) factors weigh strongly against granting compassionate release. Before granting a sentence reduction under the First Step Act, the Court must consider the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses, the seriousness of the offenses and the need to promote respect for the law, and the need to protect the public from further crimes by the defendant. Powers has a notably lengthy and violent criminal history. His arrests date back to a 1977 arrest for violating a knife ordinance. In 1987, he received his first adult conviction, for which he was sentenced for his role in a violent kidnapping of a woman. Since then, Powers has been convicted multiple times for crimes involving drugs, guns, domestic violence, and armed robbery, among other things. Throughout this time, Powers committed multiple parole and probation violations.

The current offense for which Powers is incarcerated likewise involves serious violence. In the course of investigating Powers for his role in a heroin operation—of which Powers was the boss, overseeing seven distributors, three of which were his own children—law enforcement officials executed a warrant and found a loaded handgun, loaded semiautomatic, and ammunition in Powers's home. An infant and woman were in the home. The seriousness of Powers's offense is heightened by the volume of heroin distributed, the number of people who worked for Powers, and the reports that the distributors who worked for Powers carried firearms. The seriousness of Powers's offense is reflected by the fact that, as an armed career criminal, Powers faced a fifteen-year minimum for his offense.

Releasing Powers when he has served only roughly half of his sentence and has significant time left on his sentence—specifically, Powers has over six and a half years before his projected release date—would not promote respect for the law or protect the public from further crimes by Powers. Powers has demonstrated through his extensive and violent criminal history that he is a

danger to the community. His record casts serious doubt on whether he would follow supervised release conditions or social distancing protocols. Further, it is worth noting that the facility at which Powers is incarcerated has maintained notably low COVID-19 case numbers throughout the pandemic. Currently, FPC Duluth has no confirmed inmate cases and only one confirmed staff case.[4] For these reasons, the § 3553(a) factors weigh decidedly against granting Powers's motion for a sentence reduction.

### III. CONCLUSION

For the reasons stated above, Powers's motion for compassionate release (Dkt. 284) is denied.

SO ORDERED.

Dated: January 21, 2021         s/Mark A. Goldsmith  
       Detroit, Michigan        MARK A. GOLDSMITH  
       United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 21, 2021.

       s/Karri Sandusky  
       Case Manager

---

[4] COVID-19 Cases (BOP): https://perma.cc/9PDD-8NGY.